ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-cr-269-WHO |
| Plaintiff, | UNITED STATES' APPLICATION FOR ORDER RE: WAIVER OF DEFENDANT'S ATTORNEY-CLIENT PRIVILEGE AND DISCOVERY |
| v. | |
| LEBNITZ TRAN, A/K/A VIET TRAN, | |
| Defendant. | |

      The United States hereby moves the Court for an order (1) confirming waiver of defendant

Lebnitz Tran's attorney-client privilege as to prior counsel Guyton Jinkerson; and (2) directing

Jinkerson and his successors George Benetatos and Alex Park to produce discovery relevant to

Jinkerson's representation of Tran.  The undersigned discussed this Application with current defense

counsel George Benetatos, who acknowledged Tran waived the attorney-client privilege as to Jinkerson

by filing the habeas motion.  Tran's motion under 28 U.S.C. § 2255 and supporting memorandum leave

no doubt that he has waived the attorney-client privilege as to Jinkerson.  *See* Dkt. 62, 62-1.

### BACKGROUND

      From April 2020 through July 2020, Tran orchestrated a scheme to defraud the Paycheck

Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program of millions of

dollars.  Dkt. No. 32 at 5:6-11, 25-27.  In his plea agreement, Tran admitted to taking numerous steps to execute his scheme.  He admitted to identifying pre-existing business entities and creating additional business entities for the purpose of submitting false and fraudulent applications for PPP and EIDL loans. *Id.* at 5:12-14.  He admitted to making false and fraudulent statements to the Small Business Administration ("SBA") and lender in connection with these loan applications, including false and fraudulent representations regarding the dates of operation of the loan applicant (e.g., falsely asserting that the loan applicant had been in business longer than it actually had); falsely overstating the number of persons employed by the loan applicant; and falsely overstating the loan applicant's monthly payroll expenses. *Id.* at 5:15-20.  He admitted that he electronically submitted false and fictitious documents to the SBA and lenders in support of the fraudulent PPP and EIDL loan applications, including false and fictitious tax documents. *Id.* at 5:21-23.

Tran admitted that he "submitted and caused to be submitted at least 27 PPP loan applications and at least seven EIDL loan applications, submitted in [his] name as well as in the name of others." *Id.* at 5:24-25.  In total, he "sought approximately $8.5 million in PPP and EIDL loan proceeds through these applications and received over $3.6 million from the SBA and SBA-approved lenders." *Id.* at 5:25-27.  Tran admitted that he "netted at least $1,719,233 from this scheme." *Id.* at 5:27.

At his change of plea hearing, Tran reaffirmed that these facts were true.  Tran also agreed to pay restitution of at least $1,719,233. *Id.* at 10:12-13.  Guyton Jinkerson represented Tran at the change of plea hearing and sentencing.  Dkt. Nos. 31, 46.  During the Probation Office's presentence investigation, Tran relied on the factual basis of the plea agreement.  Dkt. No. 39 at ¶ 22.

## ARGUMENT

### A.    Tran waived attorney-client privilege by alleging ineffective assistance

In his § 2255 motion, Tran waived his attorney-client privilege for all communications with his former counsel Guyton Jinkerson, who he claims rendered ineffective assistance in connection with his plea and sentencing.  The Court should issue an order so finding.  A proposed order is attached.

By claiming ineffective assistance, a defendant waives attorney-client privilege as to all communications with his lawyer regarding the representation he claims was deficient. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) ("Disclosing a privileged communication or raising a

1  claim that requires disclosure of a protected communication results in waiver as to all other

2  communications on the same subject."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has

3  long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective

4  assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly

5  ineffective lawyer."); *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) (same); *Tasby v.*

6  *United States*, 504 F.2d 332, 336 (8th Cir. 1974) (same).

7       *Tasby* helpfully summarizes the rationale for this rule.  "A client has a privilege to keep his

8  conversations with his attorney confidential, but that privilege is waived when a client attacks his

9  attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to

10  his attorney that raises the specter of ineffectiveness or incompetence."  504 F.2d at 336.  The *Tasby*

11  court emphasized that "[s]urely a client is not free to make various allegations of misconduct and

12  incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege," and that

13  "[s]uch an incongruous result would be inconsistent with the object and purpose of the attorney-client

14  privilege and a patent perversion of the rule."  *Id.*

15       "When a client calls into public question the competence of his attorney," as Tran has done here,

16  "the privilege is waived."  *Id.*  In the memorandum in support of his § 2255 motion, Tran claims

17  ineffective assistance, alleging that Jinkerson did not review with Tran documents including the

18  indictment, plea agreement, Presentence Investigation Report, or sentencing memoranda.  Dkt. No. 62-1

19  at 5:7-9, 14:16-15:24.  Tran further claims that Jinkerson did not provide the United States with financial

20  figures from Tran, refused to listen to Tran's attempts to explain which loans Tran actually received,

21  which proceeds he never received, and which proceeds were legitimately obtained.  *Id.* at 5:2-5.  Tran

22  alleges that Jinkerson failed to review with him material information Tran provided him or informed

23  him existed.  *Id.* at 5:6-7.  Tran claims Jinkerson did not discuss or otherwise review with him

24  information Jinkerson received from the United States, including spreadsheets regarding the loans in

25  question.  *Id.* at 8:23-26.  Tran alleges that Jinkerson did not discuss with Tran or investigate issues

26  regarding Heather Russell, *id.* at 11:22-28, 16:4-21:28, Anthony Sanchez, *id.* at 22:1-25:8, or a Tesla

27  purchased with loan proceeds, *id.* at 25:9-27:8.

28       The United States thus moves the Court to find that Tran has waived attorney-client privilege as

1  to Jinkerson.

2
3

**B.      The Court should order Jinkerson and Jinkerson's successors, to furnish all information and documents relating to Jinkerson's representation in this matter**

4      To establish whether Jinkerson complied with standards of professional competence in his

5  representation of Tran, this Court must analyze "whether 'counsel's representation fell below an

6  objective standard of reasonableness considering *all the circumstances* under prevailing professional

7  norms.'"  *Harris v. Wood*, 64 F.3d 1432, 1435 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466

8  U.S. 668, 688 (1984)) (emphasis added).  The scope of the waiver here is thus necessarily broad,

9  encompassing all information and documents regarding Jinkerson's representation of Tran in this matter.

10  The United States therefore moves the Court to order that Jinkerson and Jinkerson's successors furnish

11  all information and documents regarding Jinkerson's representation of Tran in this matter—including

12  but not limited to notes, memoranda, letters, emails, other communications, billing records, and similar

13  documents.

14                                **CONCLUSION**

15      Because Lebnitz Tran has waived attorney-client privilege by alleging ineffective assistance of

16  counsel, the United States requests that the Court order that (1) Tran's attorney-client privilege with

17  Guyton Jinkerson has been waived with respect to Jinkerson's representation in this matter; and

18  (2) Guyton Jinkerson and Jinkerson's successors, shall furnish all information and documents regarding

19  Jinkerson's representation in this matter to the United States' Attorney's Office and the defendant within

20  45 days of the date of the Court's order.  The United States further requests 90 days from the date of the

21  Court's order in which to file its response to Tran's § 2255 motion on the merits.

22

23  DATED:  December 21, 2023                    Respectfully submitted,

24                                             ISMAIL J. RAMSEY
25                                             United States Attorney

26                                             _____/s/_____
27                                             SARAH E. GRISWOLD
                                               Assistant United States Attorney
28

4

3:21-cr-269-WHO

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division

4  SARAH E. GRISWOLD (CABN 240326)
   Assistant United States Attorney

5

6       150 Almaden Boulevard, Suite 900
        San Jose, California 95113

7       Telephone: (408) 535-5061
        FAX: (408) 535-5081

8       sarah.griswold@usdoj.gov

   Attorneys for United States of America

9
                    UNITED STATES DISTRICT COURT

10
                 NORTHERN DISTRICT OF CALIFORNIA

11
                    SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,          ) CASE NO. 3:21-cr-269-WHO
                                        )
14 |         Plaintiff,                  ) ORDER GRANTING UNITED STATES'
                                        ) APPLICATION FOR ORDER
15 |   v.                                ) RE: WAIVER OF DEFENDANT'S ATTORNEY-
                                        ) CLIENT PRIVILEGE AND DISCOVERY
16 | LEBNITZ TRAN, A/K/A VIET TRAN,      )
                                        )
17 |         Defendant.                  )
                                        )
18 |                                     )
   |_____)

19

20         Upon a showing of good cause, the Court finds that by his motion pursuant to 28 U.S.C. § 2255,

21 in which he alleges ineffective assistance of counsel, defendant Lebnitz Tran has waived the attorney-

22 client privilege for communications with his prior counsel Guyton Jinkerson regarding his representation

23 of Tran in this matter.

24         IT IS HEREBY ORDERED that defendant Lebnitz Tran has waived the attorney-client privilege

25 with respect to his communications with attorney Guyton Jinkerson regarding this matter.

26         IT IS FURTHER ORDERED that Guyton Jinkerson and Jinkerson's successors, shall furnish all

27 information and documents regarding Jinkerson's representation of Lebnitz Tran in this matter,

28 including but not limited to notes, memoranda, letters, emails, other communications, billing records,

3:21-cr-269-WHO

and similar documents to the United States' Attorney's Office and the defendant within 45 days of the date of this order.

IT IS FURTHER ORDERED that the United States has 90 days from the date of this order in which to file its response to Lebnitz Tran's § 2255 motion on the merits.

IT IS SO ORDERED.

DATED: December 21, 2023

HON. WILLIAM H ORRICK
United States Senior District Judge

3:21-cr-269-WHO